UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61850-CIV-COHN/WHITE
(12-60048-CR-COHN)

KENOL PAUL,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND DISMISSING CASE

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 17] ("Report") of Magistrate Judge Patrick A. White concerning Movant Kenol Paul's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  The Court notes that Movant has not filed any objections to the Report by the deadline of August 5, 2014, despite having been granted an extension of time to do so [see DE 19].  Nevertheless, the Court has conducted a *de novo* review of the Report and is otherwise fully advised in the premises.

Movant pled guilty to a single charge of conspiracy to commit mail fraud.  He was sentenced to 51 months' imprisonment.  He did not appeal, and his judgment of conviction became final on October 12, 2012.

Movant contends that his counsel was ineffective in failing to advise him of the defense of withdrawal to the conspiracy to which he pled.  The Court agrees with the Magistrate Judge that, according to the factual basis Movant gave for the plea, a withdrawal defense was not available.  Counsel was therefore not ineffective for failing

to advise Movant of the availability of this defense.  Report at p. 7–8.

Movant also contends that his plea counsel was ineffective in failing to provide his file to the different attorney who represented Movant at sentencing.  The Government has proffered that this new attorney advised the Government that he did not have any difficulty obtaining documents from plea counsel, and Movant has not refuted this proffer in his Reply.  Report at p. 9 n.4.  Moreover, Movant has not alleged a sufficient basis for the Court to find that Movant was prejudiced by any such instance of ineffective assistance that may have occurred.

Finally, Movant claims that counsel was ineffective in failing to advise him of the immigration consequences of his plea.  The Court agrees with the conclusion of the Magistrate Judge that this contention is contradicted by the record.  At the change of plea hearing, Movant was advised that his plea could subject him to deportation.  Movant acknowledged this under oath and informed the Court that he had discussed the issue with counsel and had no questions.  Report at p. 9–10.  The Motion should therefore be denied as to all claims.

The Magistrate Judge recommends that the Court deny Movant a certificate of appealability.  Report at p. 12.  Because the Court concludes that under <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), Movant has not shown that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," the Court will adopt this recommendation.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 17] is hereby **ADOPTED**;

2. The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 1] is hereby **DENIED**;

3. All pending motions are **DENIED AS MOOT**;

4. Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, Movant is hereby **DENIED** a certificate of appealabilty because Movant has failed to make a substantial showing that he was denied a constitutional right.  The Court notes that pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Movant may request issuance of a certificate of appealability from the Eleventh Circuit; and

5. The Court will enter a separate final judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 25th day of August, 2014.

JAMES I. COHN
United States District Judge

copies to:

United States Magistrate Judge Patrick A. White

Kenol Paul, pro se
(via CM/ECF regular mail)